UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>KENTON LLOYD FLOOK,<br><br>　　　　　Defendant. | Case No. 1:15-cr-00166-EJL<br><br>**REPORT AND RECOMMENDATION** |

On July 30, 2015, Defendant Kenton Lloyd Flook appeared before the undersigned United States Magistrate Judge to enter a plea pursuant to a written plea agreement. (Dkt. 2.) After his arraignment, Defendant waived prosecution by Indictment and executed a waiver of the right to have the presiding United States District Judge take his plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the applicable Information (Dkt. 1-2), the maximum penalties applicable, his Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

The Court, having conducted the plea hearing and having inquired of the Defendant, counsel, and the government, finds that there is a factual basis for the Defendant's guilty plea, that he entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-

**REPORT AND RECOMMENDATION - 1**

sentence investigation to be conducted and a report prepared by the United States Probation Office.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) The District Court accept Defendant Kenton Lloyd Flook's plea of guilty to Counts One and Two of the Information (Dkt. 1-2);

2) The District Court order forfeiture consistent with Defendant's admission to the Criminal Forfeiture allegation in the Information (Dkt. 1-2) and the Plea Agreement (Dkt. 2); and

3) The District Court order restitution consistent with Defendant Kenton Lloyd Flook's agreement to pay restitution in the Plea Agreement (Dkt. 2) and applicable law.

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: July 30, 2015

CANDY WAGAHOFF DALE
CHIEF U.S. MAGISTRATE JUDGE